

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 8, 1958

Honorable O. L. Stiefer                Opinion No. WW-471
Acting Commissioner
Bureau of Labor Statistics          Re:   The legality of a
Capitol Station                              "search fee" being
Austin, Texas                                collected by licensed
                                                    employment agencies
                                                    prior to the appli-
                                                    cant obtaining and
Dear Mr. Stiefer:                            accepting employment.

          The late Mr. M. B. Morgan, former Commissioner of the
Bureau of Labor Statistics, requested an opinion from this
office on May 30, 1958. His request read, in part, as follows:

          ". . .whether a 'search fee'
          being collected by a licensed employment
          agency from the applicant for placing
          his 'resume' with the Executive Index,
          Inc., a national organization, one half
          of such fee to be retained by the licensed
          agency, the other half sent to the Execu-
          tive Index, Inc., would amount to a
          registration fee and be in violation of
          Art. 5221a-6, R.C.S., which prohibits a
          fee to be collected before employment has
          been obtained and accepted by the appli-
          cant."

          He then outlined the plan of operation which prompted
his request. Essentially it is that licensed employment
agencies in Texas propose becoming members of an out of state
cooperative placement organization which operates on a nation-
wide basis.

          Working under a franchise agreement with the national
concern, and in an exclusive territory designated by it, the
licensed agent sends such organization resumes of selected
applicants, as well as job orders. The home office of the
cooperative group then compares this data with similar data
received from other agencies over the nation, in an effort to
secure employment for the applicant.

          In order to secure this service the applicant is charged

a "search fee" ranging from $15.00 to $30.00 depending upon the salary range requested by the applicant.  The licensed agency retains one half of this fee and remits the other one half to the parent organization.

The applicant must pay the fee prior to obtaining and accepting employment.  Following employment, if secured by this cooperative method, the agency and the national office share the placement commission.

House Bill 387, Acts 51st Legislature, Regular Session, 1949, Chapter 245, Page 453, (codified as Article 5221a-6, Vernon's Civil Statutes), defines private employment agents or agencies, in Section 1 (e), as follows:

> "'Private Employment Agent' means
> any person in this State who for a fee
> or without a fee offers or attempts to
> procure employment for employees or pro-
> cure or attempts to procure employees
> for employers except employees as common
> laborers or agricultural workers."

Section 1 (b) of the Article defines the term "fee" as follows:

> "'Fee' means anything of value
> including money or other valuable con-
> sideration or services or the promise
> of any of the foregoing received by an
> employment agency from or on behalf of
> any person seeking employment or em-
> ployees in payment for any service,
> either directly or indirectly."

The authority for private employment agents or agencies to charge fees for their services is provided in Section 8 of Article 5221a-6.  It reads as follows:

> "Sec. 8.  Private Employment
> Agents or Agencies as defined by this
> Act and who are engaged in the business
> of attempting to procure employment for
> employees or procures or attempts to
> procure employees for employers in
> skilled, professional, or clerical
> positions may charge, with the written
> consent of the applicant, a fee, not to
> exceed forty per cent (40%) of the first

month's salary, which may be collected from the applicant only after employment has been obtained and accepted by the applicant." (emphasis added throughout this opinion)

The statute is free from ambiguities.  The only fee which a licensed employment agent or agency is authorized to charge and collect from a job applicant is 40% of the first month's salary as set forth in Section 8 above.

Attorney General's Opinion 0-6879 (1945) spoke regarding the legality of certain fees being charged by certain employment agencies in Texas.  That opinion was written in reply to a request submitted to this office by the then Commissioner of your department.  Three of the questions directed to the Attorney General in that request are directly related to the problem here.  They are as follows:

> "a.   It has been called to our attention that certain employment agencies in this State charge a registration fee, that is, when an applicant desires to be placed on the agency's available list the applicant pays said agency a fee regardless as to whether or not employment is ever given him or her.  Is this permitted by the statutes?

> "b.   Other agencies charge a flat monthly registration fee such as either $1.00 or $2.00 a month, this sum to be paid by the applicant regardless of whether or not employment is obtained, and upon the refusal or failure of the applicant to pay said registration fee his name is withdrawn from the list of available employees.  Is this permissible under the Texas statutes?

> "c.   Some agencies, while charging a flat registration fee of either $2.00 or $3.00, then upon obtaining and acceptance of employment of the applicant deduct that from the authorized 30 per cent commission.  Is this practice permissible under our statutes?

> " . . ."

At the writing of that opinion the employment agencies were operating under the Texas Employment and Labor Agency Law which was House Bill 264, enacted by the 48th Legislature, Regular Session, Acts of 1943, Chapter 67, Page 86, and codified as Article 5221a-4, Vernon's Civil Statutes, 1925, as amended. Section 11 of that Article authorized the agencies to charge fees as follows:

> "Sec. 11. . . . employment or labor agents . . . may charge . . . a fee not to exceed thirty (30) per centum of the first month's salary, which may be collected from the applicant only after employment has been obtained and accepted by the applicant."

This office held, in that opinion, that the fees authorized by Section 11:

> ". . . are to be paid by the applicant or employee only after the employment has been obtained and accepted by the applicant. Any fee or charges made to or paid by the applicant prior to this event is contrary to and is an attempt to circumvent the statute. . . ."

In Attorney General's Opinion R-2571 (1951) the question as to the amount of the fee to be charged in connection with securing a beer dealers permit was answered. The statute, (Art. 667-6 (f) V.P.C.), provided that each applicant for a beer license ". . . shall be subject to a fee of five ($5.00) . . . and the applicant shall be liable for no other fees except said application fee and the annual license fee required by this Act."

It was held, in that opinion:

> ". . . that $5.00 is the only fee that may be charged an applicant for a beer permit. . ."

Statutes which fix fees are to be strictly construed. The Court, in Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (citing McLennan County v. Boggess, 104 Tex. 311, 137 S.W. 346) said:

> "That the fixing of official

> fees is a matter of general legislation,
> and is a 'subject' of general legislation
> within the meaning of Article III, Section
> 35, above, cannot be questioned. There
> are many such enactments in our statutes.
> These statutes have been strictly con-
> strued against allowing a fee by implication,
> as regards both the fixing of the fee, and
> the officer entitled thereto."

In State v. Moore, 57 Tex. 307, Mr. Justice Stayton said:

> "It is not believed that any
> well considered case can be found in
> which a public officer has been permitted
> to collect fees unless the same are
> provided for, and the amount thereof
> declared by law."

It is a basic rule of law that statutes should be so construed as to carry out the legislative intent and once such intent is ascertained it should be given full effect. Wood v. State, 133 Tex. 110, 126 S.W.2d 4; Simmons et al. v. Arnim et al., 110 Tex. 309, 220 S.W.66.

The Court, in Gaddy v. First National Bank of Beaumont, 115 Tex. 393, 283 S.W. 472 said:

> "In this case, we think the act
> itself is entirely clear. Where this
> is true, from the very language employed,
> it is not necessary or proper to add or
> to subtract from the statute."

Clearly the intent of the Legislature was to authorize private employment agencies to charge a placement fee not to exceed forty (40) per centum of the applicant's first month's salary. No other fee of any sort is authorized by the statute and under no conditions can the authorized fee or any other fee, be charged prior to the applicant's obtaining and accepting employment.

In the instant case the "search fee" is charged the applicant prior to his obtaining and accepting employment and, in fact, the only purpose for the fee is to assist him in securing employment. That the parent organization is an out of state concern makes no difference. The whole mode of operation is designed to accomplish exactly what the statute

intended to prevent, that is, the charging of any fee prior to the applicant's obtaining and accepting employment and the charging of a greater fee than that authorized by Section 8 of the statute.

The opinion of this office is that the charging of a "search fee" prior to the applicant's obtaining and accepting employment would amount to a registration fee and would be in violation of Article 5221a-6, Vernon's Civil Statutes, which prohibits a fee to be collected by a private employment agency prior to the applicant's obtaining and accepting employment.

SUMMARY

A "search fee" being collected by a licensed employment agency from the applicant for placing his "resume" with a national organization, one half of such fee to be retained by the licensed agency, the other half sent to the national organization, would amount to a registration fee and it would be in violation of Article 5221a-6, Vernon's Civil Statutes, which prohibits a fee to be collected before employment has been obtained and accepted by the applicant.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Byron Fullerton
Byron Fullerton
Assistant

BF:am

APPROVED:

OPINION COMMITTEE

J. C. Davis, Jr., Chairman
Mrs. Marietta Payne
Tom McFarling
Henry Braswell
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert